UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STEVEN SCHAPER, et al.,  )
                         )
    Plaintiffs,           )
                         )
    vs.                   )     Case No. 4:05CV00414 AGF
                         )
ROBERT A. BRADLEY, et al., )
                         )
    Defendants.          )

## MEMORANDUM AND ORDER

This matter is before the Court on two separate motions filed by Defendants to dismiss Plaintiffs' complaint for failure to state a claim.[1] Defendants are the members of the Board of Trustees of the Village of Calverton Park, Missouri. Plaintiffs, Steven Schaper and Ray Baker, Jr., are former police officers of the Village. For the reasons set forth below, the motions to dismiss shall be granted as to Plaintiffs' federal claims, and the remaining state law claims shall be remanded to the state court in which this action was filed.

The record establishes that Plaintiffs were terminated from their at-will employment as police officers with the Village on October 1, 2004. On or before October 7, 2004, Plaintiffs requested hearings pursuant to § 13.1 of the Village's

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Personnel and Policy Procedures Manual.[2]  On February 9, 2005, the Village scheduled said hearings for February 22, 2005.  On the day of the hearings, the Village advised Plaintiffs that a transcript of the hearings would not be authorized.  Plaintiffs indicated that failure to hold the hearings on the record would result in the instant action.  The Village postponed the hearings "pending a determination of this matter by the appropriate court."

Plaintiffs then filed this action in state court seeking (1) a writ of mandamus ordering the Village to hold a hearing on the record pursuant to § 13.1 of the Village's Personnel and Policy Procedures Manual and the Missouri Administrative Procedures Act (MAPA), Mo. Rev. Stat. § 536.070(4), or in the alternative, "an original writ" pursuant to

---

[2]  As quoted by Plaintiffs in their Memorandum in opposition to Defendants' motion to dismiss Counts I and II, this section provides:

> Actions involving dismissals, suspension, or demotions of nonprobationary employees shall only be taken by the Board of Trustees.  An employee may, within seven days after receipt of written notice of a dismissal, suspension, or demotion, request in writing a hearing with the Board of Trustees at which time the employee may present witnesses and documents to the Board of Trustees pertaining to the subject matter of the disciplinary action. Technical rules of evidence shall not apply. Employees' request for a hearing shall include all reasons as to why the employees believes such disciplinary action is not indicated and any supporting documents.
>
> The Board of Trustees shall mail its written decision to the employee within several calendar days to the hearing date.
>
> Nothing contained in this section shall be construed as conferring any property interest in an employee's employment or changing the status of an employee from an "employee at will."

MAPA, id. § 536.150;[3] and (2) damages under 42 U.S.C. § 1983 for violation of Plaintiff's rights under the Takings Clause and the Due Process Clause of the federal constitution. In addition to damages, Plaintiffs seek "a full evidentiary hearing on the merits of this matter."

Defendants removed the action to this Court based on this Court's original jurisdiction over the § 1983 claims and supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over the remaining claims. In their motions to dismiss,[4] Defendants argue that because Plaintiffs were at-will employees, their terminations were not "contested" cases under MAPA[5] and, therefore, were not subject to MAPA's provisions. With respect to Plaintiffs' § 1983 claims, Defendants argue that because Plaintiffs were employees at will, they had no vested property interest in continued employment protected by either

---

[3] This section provides:

> Each agency shall cause all proceedings in hearing before it to be suitably recorded and preserved. A copy of the transcript of such a proceeding shall be made available to any interested person upon the payment of a fee which shall in no case exceed the reasonable cost of preparation and supply.

[4] The motions are docketed as a Motion to Dismiss (as to Counts I and II) and a Motion to Dismiss Count V. However, the complaint does not set out separate counts. The relief sought appears in sections III (mandamus), IV (original writ), and V (damages under § 1983) of the complaint.

[5] The definitional section of MAPA provides that "Contested case means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Mo. Rev. Stat. § 536.010(2).

the Due Process or Takings Clause. Further, Defendants argue that Plaintiffs' Takings Clause claims fail because Plaintiffs did not seek compensation through state procedures before filing this action. Defendants cite to Marler v. Missouri State Board of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996) (state board's failure to comply "with some of the technical requirements of Missouri administrative law" did not amount to a federal due process violation), for the proposition that Defendants have, at the most, violated only state administrative law, which does not give rise to a federal constitutional claim.

In response, Plaintiffs assert that it has been the past practice of the Village to conduct post-termination hearings on the record. Plaintiffs argue that regardless of whether their cases are contested or not, the hearings must be held on the record. In various parts of their responses, Plaintiffs argue that they are entitled to a hearing, without specifying a hearing on the record. The Court construes Plaintiffs' argument as seeking a hearing on the record. Plaintiffs explicitly concede that they were at-will employees. Doc. #10 at 3. They state, however, that they are each in a protected class and that this Court should allow them "to file an amended complaint and raise their substantive 42 U.S.C. § 1983 claims of age and race discrimination." Doc. #6 at 5.

In response to Defendants' argument that Plaintiffs' Takings Clause claim fails for failure to seek compensation through state procedures, Plaintiffs argue that by the removal of this action from state court to this Court, Defendants have denied them their opportunity to exhaust their remedies before proceeding with a § 1983 claim

4

**DISCUSSION**

In ruling on a motion to dismiss, a court must take all facts alleged in the complaint as true. Booker v. City of St. Louis, 309 F.3d 464, 467 (8th Cir. 2002). The court must construe the allegations in the complaint and all reasonable inferences arising from those facts favorably to the plaintiff. Id. A motion to dismiss may be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id. (citation omitted).

To establish a procedural due process violation, Plaintiffs must first demonstrate that they had protected liberty or property interest at stake, and then, that they were deprived of that interest without due process. Spitzmiller v. Hawkins, 183 F.3d 912, 916 (8th Cir. 1999). Whether an employee's interest in her job rises to the level of a constitutionally protected property right is a question of state law. Allen v. City of Pocahontas, Ark., 340 F.3d 551, 555 (8th Cir. 2003). To establish a protected property interest in employment, a plaintiff must show that he could have been fired only for good cause. Spitzmiller, 183 F.3d at 916. Here, as noted above, Plaintiffs concede their at-will employee status. This defeats Plaintiffs' due process claims. See id.; Singleton v. Cecil, 176 F.3d 419, 422 (8th Cir. 1999) (en banc).[6] Plaintiffs similarly cannot state a Takings

---

[6] Plaintiffs have not specifically asserted a due process claim based upon an alleged liberty interest in their continued employment, nor do their pleadings support such a claim. An at-will public employee does not have a protected liberty interest in continued employment which would obligate a government employer to provide a hearing in connection with the employee's discharge unless the employee was terminated in connection with publicized allegations of illegal or improper conduct. Hammer v. City of

5

Clause claim based upon the termination of their at-will employment.

Lastly, the Court notes that in response to Defendants' motions to dismiss, Plaintiffs make vague assertions about substantive § 1983 claims. They state they were in protected classes (age as to Schaper and race at to Baker), and that another discharged police officer was granted a hearing on the record and ultimately reinstated. Plaintiffs assert that "this alone" gives rise to a § 1983 claim and that the Court should allow an amended complaint to raise such claims. Doc. #10 at 5, Doc. #6 at 5. Plaintiffs have not submitted a proposed amended complaint containing claims based upon these facts, nor have they filed a motion seeking leave to do so, and any such claims are not before the Court.

The Court declines to exercise to its supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiffs' remaining state law claims. See Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004) (in a case in which all federal-law claims are eliminated before trial, the balance of factors to be considered points toward declining to exercise jurisdiction over remaining state law claims).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss Count V is **GRANTED** at to Plaintiffs' claims under 42 U.S.C. § 1983 for violation of their procedural due process rights and rights under the Takings Clause. [Doc. #7]

---

Osage Beach, 318 F.3d 832, 839 (8th Cir. 2003). Plaintiffs have not alleged such publicized statements.

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are remanded to the state court in which this action was filed.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (as to Counts I and II) is **DENIED as moot**. [Doc. #4]

Dated this 27th day of May, 2005.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE